Daniel LaMARTINA, et al.

v.

PAN OCEAN SHIPPING CO., LTD.

Civ. No. HM–91–2663.

United States District Court,
D. Maryland.

Aug. 27, 1992.

Bernard J. Sevel, Adam J. Sevel, Sevel & Sevel, Baltimore, MD, for plaintiffs.

Warren B. Daly, Jr., Elizabeth E. Frasher, Monty S. Jacobs, Ober, Kaler, Grimes & Shriver, Baltimore, MD, for defendant.

## MEMORANDUM

HERBERT F. MURRAY, Senior District Judge.

Presently pending before the Court in the above-captioned case is defendant's Motion for Summary Judgment. On July 28, 1992, the Court held a hearing on this motion at which time it considered the arguments of both parties. The Court is now prepared to

rule. The issue facing the Court is whether the plaintiff alleges sufficient questions of material fact to show a genuine issue for trial. It is only by doing so that plaintiff will survive defendant's motion for summary judgment. Fed.R.Civ.P. 56(c); *Lujan v. National Wildlife Federation,* 497 U.S. 871, 883, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990). Where, as here, the party moving for summary judgment has pointed to the absence of a genuine issue of material fact, the burden is shifted to the nonmoving party to come forward with facts sufficient to create a triable issue of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Temkin v. Frederick County Com'rs,* 945 F.2d 716, 718–19 (4th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). The law is also quite clear that this standard need not be met for every element of the plaintiff's claim. So long as the movant fails to make a sufficient showing on any element to which he has the ultimate burden of proof, it can accurately be stated that there is no genuine issue of material fact as to that issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The facts in this case are relatively straightforward. Daniel LaMartina ("LaMartina") and his co-plaintiff Melvin Fialkewicz ("Failkewicz") are longshoremen employed by Clark Maryland Terminals, Inc. ("Clark"), an independent stevedoring contractor. As longshoremen, the plaintiffs are employed by Clark to assist in the "offloading" of auto transport ships at the Port of Baltimore. On September 25, 1988, these men were in the process of unloading automobiles from the M/V AUTO BANNER when they independently slipped on puddles of oil or transmission fluid and were injured. LaMartina alleges that he slipped as he exited a passenger van used to drive longshoremen back to the vessel after offloading and parking one of the vehicles. Fialkewicz alleges that he slipped and fell on a slippery substance on the deck of the vessel near an automobile he was preparing to discharge.

The plaintiffs now bring this personal injury action pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b). Under § 905(b), a shipowner is liable for an injury to a covered person only where the injury is caused by a ship's negligence. Unseaworthiness, an historic ground for recovery under the Act, was abolished as a basis for shipowner liability by the 1972 Amendments to the LHWCA. H.R.Rep. No. 1441, 92d Cong., 2d Sess., *reprinted in* [1972] U.S.Code Cong. & Ad.News 4698, 4701–05. The issue in this case is whether these plaintiffs can successfully bring their negligence action against the owners of the vessel by asserting that the defendants knew or should have known of the existence of the slippery substances in the area where the longshoremen were working and that they subsequently failed to clean up or warn the workers of the dangerous conditions.

## I. SHIPOWNER'S DUTY UNDER *SCINDIA*

■ The parties agree, as they must, that the resolution of this case is governed by *Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), which sets out the specific duties owed to longshoremen by vessel owners following the 1972 amendments to the LHWCA. This duty is to exercise at least

ordinary care under the circumstances to have the ship and its equipment in such condition that an expert and experienced stevedore will be able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons and property, and to warning the stevedore of any hazards on the ship or with respect to its equipment that are known to the vessel or should be known to it in the exercise of reasonable care, that would likely be encountered by the stevedore in the course of his cargo operations and that are not known by the stevedore and would not be obvious to or anticipated by him if reasonably competent in the performance of his work.

*Id.* at 167, 101 S.Ct. at 1622.

■ A reading of the Supreme Court's language in *Scindia* makes it clear that a

shipowner's duty extends only so far as to allow an expert and experienced stevedore to safely carry on his operations. *Id.* In short, "the Court [in *Scindia*] made it clear that the shipowner may rely on the stevedore in the first instance to avoid exposing the longshoremen to unreasonable hazards." *Bonds v. Mortensen and Lange,* 717 F.2d 123, 126 (4th Cir.1983) (citing *Scindia,* 451 U.S. at 170, 101 S.Ct. at 1623). Moreover, *Scindia*'s language bestows upon the shipowner a duty to warn the stevedore of all hazards reasonably known to the shipowner that "would not be obvious to or anticipated by him if reasonably competent in the performance of his work." *Scindia,* 451 U.S. at 167, 101 S.Ct. at 1622.

■ In the present case, the plaintiffs raise not a scintilla of evidence to rebut the defendant's argument that patches of oil or other slippery substances on the deck of an auto transport vessel are hazards that are obvious to, and anticipated by, a reasonably competent stevedore in the performance of his duties. *Accord Kirsch v. Prekookeanska,* 1992 A.M.C. 499, 502 (E.D.Pa.1991) (finding it to be "inescapably true" that a film of oil constitutes a deficiency which would "be obvious to or anticipated by [the stevedore] if reasonably competent in the performance of his work.") (quoting *Scindia,* 451 U.S. at 167, 101 S.Ct. at 1622), *aff'd,* 971 F.2d 1026 (3d.Cir.1992). To the contrary, plaintiff's sole argument is that the shipowner is in a better position, logistically, to observe and prevent hazardous patches of fluid from endangering the stevedores. While this simple fact may or may not be true, it does not operate to enlarge or otherwise modify the shipowner's duty of care as expressed by *Scindia.* To impose a primary duty upon the shipowner to identify and eradicate potential hazards obvious to, or reasonably anticipated by, an experienced stevedore would not only violate the explicit holding of *Scindia* but would harken a return to the doctrine of "unseaworthiness" which Congress saw fit to expressly abolish by the 1972 Amendments to the LHWCA.

## II. CUSTOM

■ In their Response to defendant's Motion for Summary Judgment, the plaintiffs argue that *Scindia* "does not stop [with the above-quoted language] with regard to the duty owed to the stevedore. There are other conditions under which the shipowner would have a duty to longshoremen." (Plaintiffs' Memorandum of Law in Support of Plaintiff's Response to Defendant, Pan Ocean Shipping Company, Ltd.'s, Motion for Summary Judgment at 3) (hereinafter "Memorandum in Response"). Specifically, plaintiffs quote the following passage from *Scindia* to support this position:

> [A]bsent contract provision, positive law, or custom to the contrary ... the shipowner has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore.

*Scindia,* 451 U.S. at 172, 101 S.Ct. at 1624. Plaintiffs thus argue that "custom" can generate a duty of care not otherwise found in *Scindia.* It is the factual existence of such a custom that plaintiffs argue creates a genuine issue of material fact for the jury. (Memorandum in Response at 9–12). Not surprisingly, the plaintiffs accompany their argument with the affidavit of a William S. Corker, an individual with no connection to this case but who has extensive stevedoring experience in the Port of Baltimore. In his affidavit, Mr. Corker states "[t]hat it is the custom and practice in the Port of Baltimore for crew members of car ships to keep themselves apprised of the condition of the deck [and, as the discharge of the vessel progresses,] to place an absorbent material on slippery spots, until the deck is completely cleared of cars." (Affidavit of William S. Corker, attached to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Response to Defendant, Pan Ocean Shipping Company, Ltd's Motion for Summary Judgment). Accordingly, plaintiffs argue that *custom* created in the defendant a duty to supervise the cargo operations and to remedy any hazardous conditions they observed.

Quite simply, the Court does not agree. The flaw with plaintiffs' argument is their

assumption that a custom-generated duty to *supervise* or *inspect* somehow operates to transfer a duty to the shipowner to eradicate dangers reasonably known to and managed by the stevedore. Even assuming it does in fact exist, custom can only create a duty to inspect and supervise. If, after such an inspection, the shipowner becomes aware of a hazard not known to the stevedore or reasonably anticipated by him, the shipowner then has a duty to act. As explicitly stated by the Court in *Scindia*, "mere knowledge of the danger [is] not sufficient in itself to fasten such a duty on the shipowner, but if the shipowner should anticipate that the stevedore will not or cannot correct the danger and that the longshoremen cannot avoid it, then the shipowner's duty is triggered to take steps ... to eliminate or neutralize the hazard." *Scindia*, 451 U.S. at 174–75, 101 S.Ct. at 1626. *Accord Hodges v. Evisea Maritime Co., S.A.*, 801 F.2d 678, 687 (4th Cir.1986) ("if the shipowner may reasonably believe, despite its own knowledge of the danger, that the stevedore will act to avoid the dangerous condition, the owner cannot be said to have been negligent"), *cert. denied*, 480 U.S. 933, 107 S.Ct. 1572, 94 L.Ed.2d 764 (1987); *Jupitz v. National Shipping Co.*, 730 F.Supp. 1358, 1361 (D.Md.1990) (holding that where a dangerous condition is known *both* to the shipowner *and* the stevedore, the shipowner is entitled to rely on the expertise of the stevedore to deal with the condition *unless* the shipowner knows or should know that the stevedore's judgment as to how best to handle the situation is "obviously improvident").

After viewing the material presented and the inferences drawn therefrom in the light most favorable to the plaintiffs, the Court finds that they have failed to provide any evidence that the defendants acted unreasonably under the circumstances presented here. As a showing of unreasonableness is crucial to the plaintiff's case, the Court must enter summary judgment in the defendant's favor. Accordingly, the Court will on this date enter an Order consistent with this Memorandum.